UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,             Crim. No. 3-95-71(2) (PAM)

    Plaintiff,

v.                                       **ORDER**

Jeffrey Lane Barnes,

    Defendant.

---

This matter is before the Court on the Defendant Jeffrey Lane Barnes's Motions to reduce his sentence under the First Step Act. (Docket Nos. 281, 283, s284.) The Government opposes the Motions. For the following reasons, the Motions are denied.

On November 20, 1995, a jury convicted Barnes of murder in furtherance of a continuing criminal enterprise and engaging in a large-scale drug conspiracy, in violation of 21 U.S.C. § 848(e)(1) and § 846, respectively. (Docket No. 133.) Barnes' offense level was 43 and his criminal history category was VI, resulting in a guidelines range of life imprisonment for both counts of conviction. (PSR ¶ 159.) On March 8, 1996, Judge Richard H. Kyle sentenced him to life imprisonment on the murder count, and a concurrent life sentence on the drug-conspiracy count. (Docket No. 146.)

Barnes moves to reduce his sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Section 404 of the First Step Act permits retroactive reduction of certain crack-cocaine sentences imposed before the Fair Sentencing Act of 2010, which dramatically reduced sentences for crack-cocaine offenses. Id. § 404, 132 Stat. 5194. This section provides that a court may "impose [such] a reduced sentence" for

a "covered offense." Id. § 404(b). The First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by . . . the Fair Sentencing Act of 2010." Id. § 404(a).

As the Court previously determined, Barnes was sentenced under the guidelines range for murder, not drug trafficking. (See Docket Nos. 253, 270.) The first-degree murder guidelines do not require proof of any quantity of cocaine. Thus, the First Step Act's retroactive reduction to crack-cocaine penalties do not apply to the statutory penalties for murder, and do not impact his sentence. Similarly, Barnes' conviction for engaging in a large-scale drug conspiracy did not require any showing of a particular quantity of cocaine. Barnes's concurrent life sentence on the drug count is likewise unaffected by the First Step Act's retroactive changes.

Additionally, although Barnes titles his Motion as under the First Step Act, it is substantively a motion to reduce his sentence under 18 U.S.C. § 3582(c)(1). The Court has already denied Barnes's Motion under this statute. (Docket Nos. 253, 256.) And Barnes's assertion that he was sentenced twice for the same offense is mistaken. The elements of his two crimes of conviction are different, so he was not sentenced twice for one offense. Barnes' Motion is without merit, and he is not entitled to relief.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's Motions to Reduce his Sentence (Docket Nos. 281, 283, 284) are **DENIED**;

2. Defendant's Motion to Appoint Counsel (Docket No. 291) is **DENIED**; and

3. Defendant's Motion in Support of Declaration for Entry of Default Judgment (Docket No. 296) is **DENIED**.

Dated: July 2, 2021

s/Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge