UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Crim. No. 3:95-71(2) (PAM)

                Plaintiff,

v.                                                           **MEMORANDUM AND ORDER**

Jeffrey Lane Barnes,

                Defendant.
_____

This matter is before the Court on two Motions: Defendant Jeffrey Lane Barnes's Motion to Reduce Sentence under the First Step Act of 2018 (Docket No. 350) and his Motion for Compassionate Release (Docket No. 348.) For the following reasons, both Motions are denied.

## BACKGROUND

In 1995, a jury convicted Barnes and his co-Defendant Kenneth Jones of murder in furtherance of a continuing criminal enterprise and engaging in a wide-ranging drug-distribution conspiracy. (Docket No. 133.) Barnes was sentenced to life imprisonment for the murder conviction, with a concurrent life sentence for the drug-conspiracy conviction. (Docket No. 148.)

## DISCUSSION

A.    **First Step Act**

Barnes has sought to reduce his sentence several times, contending that Congressional action to lower certain sentences for the distribution of crack cocaine should

retroactively apply to him. With each motion, the Court has explained that because Barnes was sentenced under the sentencing guidelines for murder, the subsequent amendments to the crack-cocaine guidelines had no impact on his sentence. (E.g., Docket Nos. 253, 301.)

Putting aside the parties' disagreement as to whether the Court has previously considered Barnes's request for resentencing under the First Step Act of 2018,[1] that Act allows the Court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, at § 404(b). Application of the First Step Act thus depends on the underlying offense being a "covered offense" under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. Sections 2 and 3 of the Fair Sentencing Act, in turn, provide reduced penalties for violations of 21 U.S.C. § 841(b)(1) with respect to the quantity of crack cocaine necessary to trigger various sentencing ranges.

Despite Barnes's insistence, and although one of his convictions was indisputably for conspiracy to possess with intent to distribute crack cocaine, the "covered offense" for purposes of the sentence Barnes received was not the crack offense, but rather was murder. Neither the First Step Act nor the Fair Sentencing Act lowered the sentencing guidelines range for murder, and the First Step Act does not allow the Court to reduce Barnes's sentence. Even if the First Step Act allowed the Court to lower Barnes's sentence on the

---

[1] Barnes argues that the Government is "throwing the Court under the bus" by arguing that Barnes is barred from seeking First Step Act relief because he has already been denied that relief. But the Government is correct that the Court explicitly rejected Barnes's previous First Step Act motion after a complete review on the merits. (Docket No. 301.) The First Step Act thus explicitly deprives the Court of jurisdiction over second First Step Act motions such as this one. First Step Act § 404(c).

crack-cocaine count, he would still be subject to a life sentence on the murder count and would not be eligible for the release he seeks.

### B.      Compassionate Release

Barnes also moves for compassionate release under the First Step Act and recent amendments to the United States Sentencing Guidelines, contending that his age, his health, and his extraordinary efforts to rehabilitate himself weigh in favor of release.

The Government acknowledges that Barnes meets the threshold eligibility requirements for a compassionate release under U.S.S.G. § 1B1.13(b)(2), because he is 68 years old and has served 29 years in prison.  There is similarly no dispute that Barnes has exhausted his administrative remedies, making his Motion ripe for consideration.  See 18 U.S.C. § 3582(c)(1)(A) (allowing defendant to bring a motion for compassionate release after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility").

The First Step Act allows the Court to order a defendant's release for "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i).  The Sentencing Guidelines provide that such "[e]xtraordinary and compelling reasons" exist under several specific circumstances "or a combination thereof," including, as relevant here, the defendant's medical conditions and age.  U.S.S.G. §§ 1B1.13(b)(1), (2).  Medical circumstances that warrant consideration for compassionate release are those "serious physical or medical condition[s] . . . that substantially diminish the [defendant's] ability . . . to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  Id. § 1B1.13(b)(1)(B).  A defendant may also

be eligible for release if he "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." And a defendant who, like Barnes, is age 65 or over and has served at least 10 years' imprisonment may warrant compassionate release if he "is experiencing serious deterioration in physical or mental health because of the aging process." Id. § 1B1.13(b)(2).

Barnes argues that, in addition to his age, he suffers from health conditions that make him an appropriate candidate for compassionate release. Barnes has diabetes and a macular hole in his right eye that may require surgery. He also contends that, as a result of his diabetes and body-mass index, he is susceptible to complications were he to contract Covid, noting that he became seriously ill when he caught Covid in 2021. Finally, he points out that he has been a model prisoner, is an active participant in volunteer activities including the facility's intensive program to assist mentally ill inmates, has taken substantial vocational training, and has availed himself of many hours of educational activities, despite serving a life sentence with no possibility of supervised release.

Barnes's efforts to rehabilitate himself and help others during the period of his incarceration have been impressive. As evidence of his rehabilitation, seven prison staff members, including several corrections officers, submitted letters in support of his Motion. (Docket No. 363-1.) These letters all attest to Barnes's important and substantial work assisting mentally ill inmates, his integrity, and the strength of his character. In more than forty years on the federal bench, this Court has never before received such supportive

4

letters from prison staff, and Barnes is to be commended for the work he has done to become a model prisoner.

But "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for compassionate release. U.S.S.G. § 1B1.13(d). Rather, rehabilitation is appropriately considered "in combination with other circumstances" that might warrant compassionate release. Id. Barnes's health conditions do not rise to the level of an "extraordinary and compelling" reason for his release under the Guidelines. The prison is effectively and appropriately treating both his diabetes and his eye issues, and the risk that Barnes might again contract Covid and suffer severe symptoms is speculative. There is no evidence that Barnes "is experiencing serious deterioration in physical or mental health because of the aging process" such that he is unable to "provide self-care within the environment of a correctional facility." Id. § 1B1.13(b)(2). Moreover, the seriousness of Barnes's crime and his extensive criminal history mitigate against his release at this time. See 18 U.S.C. § 3553(a).

The Court applauds Barnes's efforts at rehabilitation, and urges him to continue to assist others and better himself. At this point, however, those efforts by themselves cannot overcome Barnes's failure to meet the explicit requirements for compassionate release.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's Motion to Reduce Sentence (Docket No. 350) is **DENIED**; and

2. Defendant's Motion for Compassionate Release (Docket No. 348) is **DENIED** without prejudice.

Dated: May 9, 2024

*s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge